IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON TEAGUE

    Plaintiff,

v.                                                            No. 2:20-cv-00018 KWR/KRS

SERGEANT LOUIS RIDDLE,

    Defendant.

### ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AND SETTING ASIDE DEFAULT

**THIS MATTER** is before the Court on Plaintiff's multiple motions for default or summary judgment. **Docs. 11, 13, 14, 15, 17.** In substance all of Plaintiff's motions seek default judgment for Defendant's failure to appear or file an answer in this case. Defense counsel entered their appearance on September 29, 2020 and responded to the motion for default judgment, requesting that the Court deny the motions and set aside the default. **Doc. 20.** Plaintiff filed an objection. **Doc. 21.** The Court construes Plaintiff's objection as a reply, and the time to file any additional reply to the Defendant's response has now passed. Therefore, the Court considers the motions for default judgment fully briefed.

Plaintiff appears *pro se*. Plaintiff filed this case on January 6, 2020 and served the Defendant on April 23, 2020. **Doc. 10.** Defendant did not appear in this case or file an answer until September 29, 2020, well after the May 14, 2020 deadline. Since then, Plaintiff has filed multiple motions for default or summary judgment in this case. **Docs. 11, 13, 14, 15, 17.** The Clerk entered default on August 26, 2020. **Doc. 16.**

It is undisputed now that Defendant received service of the complaint on April 23, 2020. Defendant admitted he received the complaint and took steps to obtain counsel, but alleges that for

reasons outside his control, the matter was not assigned to an insurance claims adjuster and never assigned to counsel.  **Doc. 20.**  Defendant asserts he believed this case was under the care and control of the insurance company and he was not in default.  He alleges that Plaintiff contacted the City of Clovis and mailed the clerk's entry of default to Clovis on September 25, 2020.  *Id.*  The City of Clovis subsequently contacted defense counsel and defense counsel entered their appearance on September 29, 2020.

Moreover, Plaintiff provided evidence, through an affidavit, that Defendant was personally served on April 23, 2020.  **Doc. 21, Ex. B.**  The process server also called Defendant on October 7, 2020.  In that affidavit, the process server recounts his conversation with Defendant.  Defendant told him that after accepting service of the complaint and summons, Defendant gave them to his supervisor and a copy was given to internal affairs, per Clovis Police Department policy.  *Id.*

Plaintiff's contact with the city appears to have spurred defense counsel to enter their appearance on September 29, 2020.  **Doc. 20 at 1** ("on September 25, 2020, Plaintiff sent correspondence to the City of Clovis which included the Clerk's entry of default.  The City of Clovis notified undersigned counsel, who in turn notified Defendant.").  Defendant filed a response to the motions and filed an answer.

Defendant requests that the Court set aside the default and deny the motions for default judgment.  **Doc. 20.**  Courts "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs.,* 316 Fed.Appx.

744, 750 (10th Cir.2009), *quoted in Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014).

The record reflects that Defendant was served on April 23, 2020 and he sent the complaint through his chain of command per Clovis Police Department policy.  **Doc. 20, 21 Ex. B.**  When Plaintiff told the city on September 25, 2020 that Defendant was in default, counsel was immediately hired, entered their appearance, and filed an answer.  **Doc. 19, 20.**  Thus, the Court finds that any default was not willful, but the product of inadvertence or mistake.   This is supported by the affidavit of Plaintiff's own process server, in which Defendant said he took action to obtain counsel pursuant to Clovis Police Department policy.

Moreover, Defendant appears to assert a defense on the merits in his answer.  His answer asserts that the firearm was taken in the search of a third-party residence and held during the pendency of a criminal case.  **Doc. 19 at 1.**  Defendant asserts he is not authorized to release evidence, and the Clovis Police Department is unable to release the firearm to Defendant because he is not the registered owner and has not provided any proof of ownership.  **Doc. 19 at 2.** Therefore, Defendant contests the merit of Plaintiff's claims.

Finally, the Court does not see any prejudice to Plaintiff in setting aside the default.  If he is in fact the owner of the firearm, he may be prejudiced by the continued deprivation of his property rights.  However, weighing the factors and the totality of the circumstances together, the Court finds good cause to set aside the default and therefore deny the motions for default judgment.

Plaintiff appears to argue that the Court ignored the record in directing the Clerk to issue waiver of service forms to Defendant instead of granting his default judgment motions.  *See* **Doc. 18** (court's order directing mailing of service waiver forms); **Doc. 21** (Plaintiff's objections).  Initially, the Court notes that Defendant entered his appearance one day after the order was entered,

3

but prior to the mailing of those notice of waiver forms. *See* **Docs. 19, 20, 21.** As noted above, Plaintiff had contacted the City of Clovis and notified Defendant of the default on September 25, 2020, which caused Defendant to enter his appearance in this case. **Docs. 20, 21.**

Plaintiff has now provided evidence of service. **Doc. 21 Ex. B.** The Court could not *previously* enter default judgment without sufficient evidence of proper service. Rather than deny Plaintiff's default judgment motions outright, the Court directed the Clerk's office to mail waiver of service forms in accordance with its practice for *pro se* parties and Fed. R. Civ. P. 4(c)(3). **Doc. 18.**

**IT IS THEREFORE ORDERED** that Plaintiff's motions for default judgment **(Docs. 11, 13, 14, 15, 17)** are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk's entry of default is **SET ASIDE.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE