**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JASON TEAGUE,

      Plaintiff,

      v.                                                                    Civ. No. 2:20-18 KWR/KRS

LEWIS RIDDLE, Sergeant,

      Defendant.

<u>ORDER VACATING SCHEDULING CONFERENCE AND TO SHOW CAUSE</u>

      This matter is before the Court *sua sponte* and upon review of the record.   Plaintiff, proceeding *pro se*, filed a Complaint in this Court on January 26, 2020 alleging Defendant improperly confiscated a firearm belonging to Plaintiff during execution of a search warrant. (Doc. 1).   On October 22, 2020, the presiding judge entered an Order setting aside the Clerk's entry of default judgment against Defendant and denying Plaintiff's motions for summary judgment, finding that Defendant's failure to file an answer until September 29, 2020, was due to inadvertence or mistake.   (Doc. 22) at 3.   Plaintiff filed an appeal with the Tenth Circuit Court of Appeals, and the appeal was dismissed because the Order was not a final decision on the merits.   (Doc. 30).

      The Court subsequently entered an Initial Scheduling Order setting a Rule 16(c) scheduling conference for February 17, 2021.   (Doc. 33).   The Court ordered the parties to meet and confer by January 25, 2021 and cooperate in preparing a Joint Status Report and ordered Plaintiff to file the Joint Status Report by February 8, 2021.   *Id.*   The notice of electronic filing for the Initial Scheduling Order shows that it was mailed to Plaintiff at the address he provided the Court.   On February 8, 2021, Defendant's counsel filed a Status Report stating counsel

attempted to communicate with Plaintiff on multiple occasions about preparing a joint status report but Plaintiff refuses to speak with Defendant's counsel.   (Doc. 36).   The Status Report does not contain any information from Plaintiff.   *Id.*   Additionally, Plaintiff has filed several documents with the Court indicating he does not intend to communicate with Defendant's counsel, does not acknowledge that counsel has properly entered an appearance in this case, and will not accept mailings from Defendant's counsel.   *See* (Docs. 28, 31, 32, and 35).   Plaintiff has also filed a "Motion for Ruling" stating he "has no legitimate reason to believe that any proceedings under the direction of this Court will be fair or impartial," and asks for a ruling so he can "proceed to the Appellate Court."   (Doc. 34).

First, the record shows that counsel for Defendant properly entered an appearance in this case through filing an Answer to the Complaint.   *See* (Doc. 19).   Documents filed by Defendant contain a certificate of service showing they were mailed to Plaintiff's address of record, and the Court's docket shows Plaintiff has been mailed notifications of electronic filings for each document filed.   The Court finds no merit to Plaintiff's assertions that Defendant's counsel's actions in this case are not proper or that Plaintiff has not been properly served with Defendant's filings.

Second, *pro se* litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court.   *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's *pro se* status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining *pro se* parties must comply with same procedural rules that govern all other litigants).   Plaintiff's refusal to communicate with

Defendant's counsel and prepare his portion of the Joint Status Report is a direct violation of the Court's Initial Scheduling Order.   The Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or *pro se* party willfully disobeys a court order.   *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). Moreover, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to obey a scheduling or other pretrial order.   *See* Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure … the expeditious and sound management of the preparation of cases for trial") (citation omitted).   One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.   *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

IT IS THEREFORE ORDERED that **no later than March 1, 2021**, Plaintiff shall meet and confer with Defendant's counsel regarding the Joint Status Report, and **no later than March 8, 2021**, Plaintiff or Defendant's counsel shall file a completed Joint Status Report with the Court.   Plaintiff is warned that failure to comply with this Order may result in sanctions, including judgment against him.   *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

IT IS FURTHER ORDERED that **no later than March 1, 2021**, Plaintiff shall provide the Court with a telephone number as required by the Court's Guide for Pro Se Litigants, page 9,

3

("The complaint, and each paper filed with the court, will legibly state the mailing address and telephone number below the plaintiff's signature.").

      IT IS FURTHER ORDERED that the Rule 16 Scheduling Conference set for February 17, 2021 is hereby VACATED and will be reset after the Court receives a completed Joint Status Report.

      IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail Plaintiff a copy of the Court's Guide for Pro Se Litigants and a copy of the Court's Local Rules.


KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE