IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON TEAGUE,

    Plaintiff,

  v.                                                  Civ. No. 2:20-18 KWR/KRS

LEWIS RIDDLE, Sergeant,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* and upon review of the record. On April 1, 2021, the Court entered a Third Initial Scheduling Order resetting the Rule 16(c) scheduling conference for May 11, 2021 at 10:00 a.m. (Doc. 45). The Court ordered the parties to meet and confer by April 13, 2021 and cooperate in preparing a Joint Status Report and Provisional Discovery Plan and ordered Plaintiff to file the Joint Status Report by April 27, 2021. *Id.* The notice of electronic filing for the Third Initial Scheduling Order shows that it was mailed to Plaintiff at the address he provided the Court.

On April 19, 2021, Plaintiff filed a "Status Report" wherein he discusses the return of the firearm at issue in this case, but he does not provide proposed a Proposed Discovery Plan or provide any proposed pretrial deadlines. In the Status Report, Plaintiff states that at the March 31, 2021 hearing "the Judge instructed defense to see [the firearm] returned," and he argues for the return of the firearm. (Doc. 48) at 2. The Court has not instructed defense counsel "to see the firearm returned." Instead, at the hearing the parties and the Court discussed what would be required for the firearm to be returned to Plaintiff and whether that would resolve Plaintiff's claims (which Plaintiff stated it would not). *See* (Doc. 44) (Clerk's Minutes).

Plaintiff has now failed two times to comply with the Court's Orders to file a Joint Status Report and Provisional Discovery Plan. The Court has explained to Plaintiff that *pro se* litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court. (Doc. 37) (Order to Show Cause) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's *pro se* status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining *pro se* parties must comply with same procedural rules that govern all other litigants). The Court also explained to Plaintiff at the March 31, 2021 status conference the need to meet and confer and prepare a Joint Status Report and Provisional Discovery Plan with proposed pretrial deadlines, and Plaintiff stated he understood and would comply with the deadlines in the Third Initial Scheduling Order. (Doc. 44). Plaintiff's continued refusal to provide the Court with a Provisional Discovery Plan is a direct violation of the Court's Orders.

The Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or *pro se* party willfully disobeys a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). Moreover, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure … the expeditious and sound management of the preparation of cases for trial") (citation omitted). One such sanction within the discretion of the Court is to dismiss an

action for want of prosecution.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

IT IS THEREFORE ORDERED that **no later than May 5, 2021**, Plaintiff shall meet and confer with Defendant's counsel regarding the Joint Status Report, and **no later than 5:00 p.m. May 6, 2021**, Defendant's counsel shall electronically file a completed Joint Status Report with the Court since Plaintiff has not elected for electronic filing.

IT IS FURTHER ORDERED that Defendant's counsel shall email a copy of this order to Plaintiff **no later than 5:00 p.m. May 3, 2021** as Plaintiff has not provided the Court with his email address.

Plaintiff is warned that failure to comply with this Order may result in sanctions, including judgment against him.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE