# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JASON TEAGUE,

    Plaintiff,

v.                                                                   Civ. No. 2:20-18 KWR/KRS

LEWIS RIDDLE, Sergeant,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on two orders to show cause issued to the pro se Plaintiff Jason Teague, (Docs. 37 and 49), and due to Plaintiff's failure to appear at a hearing on May 11, 2021. Plaintiff filed a Complaint in this Court on January 26, 2020 alleging Defendant improperly confiscated a firearm belonging to Plaintiff during execution of a search warrant. (Doc. 1). On October 22, 2020, the presiding judge entered an Order setting aside the Clerk's entry of default judgment against Defendant and denying Plaintiff's motions for summary judgment, finding that Defendant's failure to file an answer until September 29, 2020, was due to inadvertence or mistake. (Doc. 22) at 3. Plaintiff filed an appeal with the Tenth Circuit Court of Appeals, which was dismissed because the Order was not a final decision on the merits. (Doc. 30).

The Court subsequently entered an Initial Scheduling Order setting a Rule 16(c) scheduling conference for February 17, 2021. (Doc. 33). The Court ordered the parties to meet and confer to prepare a Joint Status Report and Provisional Discovery Plan ("JSR") and ordered Plaintiff to file the JSR by February 8, 2021. *Id.* The notice of electronic filing shows the Initial Scheduling Order was mailed to Plaintiff at the address he provided the Court. On February 8,

2021, Defendant's counsel filed a status report stating he attempted to communicate with Plaintiff on multiple occasions about preparing a JSR, but Plaintiff refused to speak with him. (Doc. 36).

On February 10, 2021, the Court entered an Order to Show Cause ordering Plaintiff to: (1) meet and confer with Defendant's counsel; (2) provide the Court with a telephone number as required by the Court's Rules; and (3) file a completed JSR by March 8, 2021. (Doc. 37). Instead of complying with the Order to Show Cause, on March 1, 2021 Plaintiff filed a "Status Report" stating he is "currently unavailable to discuss this case with the alleged counsel do [sic] to the fact that no verification has been provided (by the Defendant or the Court) as to an entry of appearance." (Doc. 38).

On March 31, 2021, the Court held a hearing at which Plaintiff and counsel for Defendant appeared. (Doc. 44) (Clerk's Minutes). The Court explained to Plaintiff the need to meet and confer with defense counsel and prepare a JSR with proposed pretrial deadlines. After ensuring Plaintiff received defense counsel' entry of appearance, the Court informed Plaintiff that it will enter another Initial Scheduling Order setting deadlines for the parties to meet and confer and prepare and file a JSR. The Court instructed Plaintiff how to obtain documents on the Court's electronic filing system (CM-ECF) and from a public filing system (PACER). Plaintiff stated that he understood he will need to meet and confer and work with Defendant's counsel to prepare the JSR. *Id.*

On April 1, 2021, the Court entered a Third Initial Scheduling Order resetting the Rule 16(c) scheduling conference for May 11, 2021. (Doc. 45). The Court again ordered the parties to meet and confer and prepare a JSR, and for Plaintiff to file the JSR by April 27, 2021. *Id.* Plaintiff did not file a JSR by April 27, 2021; instead, on April 19, 2021, Plaintiff filed a "Status

Report" discussing the return of the firearm but failing to provide any proposed pre-trial deadlines. (Doc. 48).

On May 3, 2021, the Court entered a second Order to Show Cause ordering defense counsel to email the Order to Show Cause to Plaintiff that same day because Plaintiff has not provided the Court with his e-mail address. (Doc. 49). The Court also ordered the parties to meet and confer by May 5, 2021 and ordered Defendant's counsel to electronically file a completed JSR by May 6, 2021 since Plaintiff has not elected for electronic filing. (Doc. 49). Neither party filed a JSR and Plaintiff did not appear at the scheduled May 11, 2021 hearing. (Doc. 51) (Clerk's Minutes). At the hearing, counsel for Defendant explained he was out of the office the week the second Order to Show Cause was entered, but he emailed it to Plaintiff at 8:15 a.m. on May 6 and attempted to talk with Plaintiff about preparing the Joint Status Report, but Plaintiff refused to meet with him. *Id.* On May 11, 2021, Plaintiff filed a document titled "Objection" in which he acknowledges receiving the second Order to Show Cause and argues for the return of the firearm. (Doc. 50).

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* Fed. R. Civ. P. 16(f), or fails to obey a court order, *see* Fed. R. Civ. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial*." Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it

concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus*, 965 F.2d at 921).

In this case, Plaintiff has failed to comply with multiple Court orders to cooperate in preparing and filing a JSR, failed to comply with two Orders to Show Cause, and failed to appear at a hearing. Plaintiff's behavior has caused prejudice to Defendant and interference with the judicial process as the Court has been unable to set pre-trial deadlines to get this case moving towards resolution. This case cannot move forward without Plaintiff's participation. Plaintiff is culpable for violating the Court's orders and failing to appear as the docket shows the orders were sent to Plaintiff at his address of record and there is no indication that he did not receive them. Moreover, Plaintiff has not provided valid reasons why he has refused to abide by the Court's orders. Finally, Plaintiff was warned in the first and second Orders to Show Cause that sanctions—including dismissal—could be imposed. *See* (Doc. 37) at 3; (Doc. 49) at 2-3. Despite these warnings, Plaintiff has ignored the orders of this Court, indicating that lesser sanctions would not be effective. The Court, therefore, finds the *Ehrenhaus* factors weigh in favor of dismissal.

IT IS THEREFORE RECOMMENDED that Plaintiff's complaint be dismissed without prejudice.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**