IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON TEAGUE,

    Plaintiff,

v.                                                                              No. 2:20-cv-00018-KWR-KRS

LEWIS RIDDLE, Sergeant,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), (Doc. 52), in which the Magistrate Judge recommended dismissing Plaintiff's Complaint without prejudice for failure to comply with the Court's orders and participate in the discovery process. Plaintiff filed objections to the PFRD on May 19, 2021. (Doc. 53). Having considered the record of the case, the PFRD, Plaintiff's objections, and relevant law, the Court will overrule Plaintiff's objections, adopt the PFRD, and dismiss Plaintiff's Complaint without prejudice.

    **I.**    **Background**

Plaintiff initiated this case January 26, 2020 by filing a Complaint claiming that in February 2017 Defendant improperly confiscated a firearm belonging to Plaintiff during execution of a search warrant. (Doc. 1). Subsequently, the Court set aside the Clerk's entry of default judgment against Defendant and denied Plaintiff's motions for summary judgment. (Doc. 22). Plaintiff filed an appeal with the Tenth Circuit Court of Appeals, which was dismissed because the Order was not a final decision on the merits. (Doc. 30).

After Plaintiff's appeal was dismissed, the Magistrate Judge entered an Initial Scheduling Order setting a Rule 16(c) scheduling conference for February 17, 2021. (Doc. 33). The Magistrate Judge ordered the parties to meet and confer to prepare a Joint Status Report and Provisional Discovery Plan ("JSR") and ordered Plaintiff to file the JSR by February 8, 2021. *Id.* The notice of electronic filing shows the Initial Scheduling Order was mailed to Plaintiff at the address he provided the Court. On February 8, 2021, Defendant's counsel filed a status report stating he attempted to communicate with Plaintiff on multiple occasions about preparing a JSR, but Plaintiff refused to speak with him. (Doc. 36).

On February 10, 2021, the Magistrate Judge entered an Order to Show Cause ordering Plaintiff to: (1) meet and confer with Defendant's counsel; (2) provide the Court with a telephone number as required by the Court's Rules; and (3) file a completed JSR by March 8, 2021. (Doc. 37). Instead of complying with the Order to Show Cause, on March 1, 2021 Plaintiff filed a "Status Report" stating he is "currently unavailable to discuss this case with the alleged counsel do [sic] to the fact that no verification has been provided (by the Defendant or the Court) as to an entry of appearance." (Doc. 38).

On March 31, 2021, the Magistrate Judge held a hearing at which Plaintiff and counsel for Defendant appeared. (Doc. 44) (Clerk's Minutes). The Court explained to Plaintiff the need to meet and confer with defense counsel and prepare a JSR with proposed pretrial deadlines. After ensuring Plaintiff received defense counsel' entry of appearance, the Court informed Plaintiff that it will enter another Initial Scheduling Order setting deadlines for the parties to meet and confer and prepare and file a JSR. The Court instructed Plaintiff how to obtain documents on the Court's electronic filing system (CM-ECF) and from a public filing system

(PACER). Plaintiff stated that he understood he will need to meet and confer and work with Defendant's counsel to prepare the JSR. *Id.*

On April 1, 2021, the Court entered a Third Initial Scheduling Order resetting the Rule 16(c) scheduling conference for May 11, 2021. (Doc. 45). The Court again ordered the parties to meet and confer and prepare a JSR, and for Plaintiff to file the JSR by April 27, 2021. *Id.* Plaintiff did not file a JSR by April 27, 2021; instead, on April 19, 2021, Plaintiff filed a "Status Report" discussing the return of the firearm but failing to provide any proposed pre-trial deadlines. (Doc. 48).

On May 3, 2021, the Court entered a second Order to Show Cause ordering defense counsel to e-mail the Order to Show Cause to Plaintiff that same day because Plaintiff had not provided the Court with his e-mail address. (Doc. 49). The Court also ordered the parties to meet and confer by May 5, 2021 and ordered Defendant's counsel to electronically file a completed JSR by May 6, 2021 since Plaintiff has not elected for electronic filing. (Doc. 49). Neither party filed a JSR and Plaintiff did not appear at the scheduled May 11, 2021 hearing. (Doc. 51) (Clerk's Minutes). At the hearing, counsel for Defendant explained he was out of the office the week the second Order to Show Cause was entered, but he emailed it to Plaintiff at 8:15 a.m. on May 6 and attempted to talk with Plaintiff about preparing the Joint Status Report, but Plaintiff refused to meet with him. *Id.* On May 11, 2021, Plaintiff filed a document titled "Objection" in which he acknowledged receiving the second Order to Show Cause and argued for the return of the firearm. (Doc. 50).

The Magistrate Judge issued his PFRD on May 13, 2021. (Doc. 52). He found that Plaintiff failed to comply with multiple Court orders to cooperate in preparing and filing a JSR, failed to comply with two Orders to Show Cause, and failed to appear at a hearing. Applying the

3

factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2c 916, 921 (10th Cir. 1992), he made the following findings: (1) Plaintiff's behavior caused prejudice to Defendant and interference with the judicial process; (2) Plaintiff is culpable for violating the Court's orders and failing to appear; (3) Plaintiff was warned in the first and second Orders to Show Cause that sanctions—including dismissal—could be imposed; and (4) lesser sanctions would not be effective. (Doc. 52) at 4. Plaintiff filed objections to the PFRD on May 19, 2021. (Doc. 53).

## II.    Legal Standard

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.    Discussion

In his objections, Plaintiff states he received the order setting the third scheduling conference, but "did not realize it was a scheduled hearing and sincerely apologizes to the court." (Doc. 53) at 2. Plaintiff then argues he has not seen the search warrant that was being executed when the firearm was confiscated. *Id.* at 2-3. He further states that he "has tried to communicate with the defendant who has refused communication, and the defendants [sic] attorney who has been hostile." *Id.* at 3.

As explained in the PFRD, the Court may dismiss a case if a party fails to appear at a scheduling or other pretrial conference, *see* Fed. R. Civ. P. 16(f), or fails to obey a court order, *see* Fed. R. Civ. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to

insure the expeditious and sound management of the preparation of cases for trial.*" Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).

Before dismissing a case as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors).[1] "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus*, 965 F.2d at 921).

In this case, Plaintiff has failed to comply with multiple Court orders to cooperate in preparing and filing a JSR, failed to comply with two Orders to Show Cause, and failed to appear at a hearing. The Court agrees with the Magistrate Judge that Plaintiff's behavior has prejudiced Defendant and interfered with the judicial process as the Court has been unable to set pre-trial deadlines to move this case towards resolution. Plaintiff's actions have wasted judicial resources

---

[1] Dismissal of a case without prejudice does not ordinarily require consideration of the *Ehrenhaus* factors. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007). However, where the statute of limitations may have run on a plaintiff's claims, a dismissal without prejudice is the functional equivalent of a dismissal with prejudice and courts should consider the *Ehrenhaus* factors. *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992); *Bacon v. Davis Tech. College*, 2021 WL 3055633, *1-2 (D. Utah) (considering *Ehrenhaus* factors when dismissing case without prejudice where the statute of limitations may have expired on the plaintiff's claims if he were to refile them after dismissal). Since the statute of limitations may have run on Plaintiff's claims, the Court will examine the *Ehrenhaus* factors.

5

and stymied the progress of this case by requiring the Court to intervene repeatedly. The Court further agrees that Plaintiff is culpable for violating the Court's orders. While Plaintiff states he did not understand that the third scheduling order required his attendance at the scheduling conference, Plaintiff nevertheless has continually refused to communicate with defense counsel in order to prepare a Joint Status Report and Provisional Discovery Plan. Indeed, Plaintiff states again in his objections that he has tried to communicate directly with Defendant, even after being instructed to communicate with defense counsel. *See* (Doc. 52) at 3. Moreover, despite having ample time to comply with the Court's Orders to Show Cause and Initial Scheduling Orders, Plaintiff still has not conferred with defense counsel, nor has he prepared a JSR with proposed pretrial deadlines. Additionally, Plaintiff was warned more than once that his case was subject to dismissal for his failure to comply with the Court's orders, and there does not appear to be a lesser sanction that will engage Plaintiff's attention or participation in the pretrial process.

For the foregoing reasons, the Court agrees that dismissal is warranted due to Plaintiff's repeated failures to participate in the pretrial scheduling process that is required in all civil cases and his failure to comply with the orders of this Court. While Plaintiff's behavior may merit dismissal with prejudice, in consideration of Plaintiff's *pro se* status and apology for missing the third scheduling conference, the Court will dismiss the case without prejudice.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 53), are **OVERRULED**;
2. The Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 52), is **ADOPTED;** and

3. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to the Federal Rules of Civil Procedure 16(f) and 41(b), and the Court's inherent authority.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**